Nelson, Ch. J.
So far as the rights of these parties are concerned, the question raised by the present motion is of no great moment, as the cause will be reached in the course of a few days, and may be heard in its order; but as a question relating to the general practice of the court, we ought perhaps to consider and settle it.
By the 52d rule of the supreme court, motions to bring on the argument of a demurrer or bill of exceptions as frivolous, may be made on the morning of any day in the first week of term, upon giving the proper notice; (Rules of Sup. Ct., ed. of 1837, p. 27;) and the present motion seems to have been made in analogy to the practice of that court. But there, the questions involved are purely questions of law which can be readily presented in a way to enable the judges to determine at once whether they are frivolous in their character or not. No argument is allowed. If one is necessary to show the frivolousness of the point or points presented, they are assumed to be of sufficient gravity to entitle the case to be heard in its regular place upon the calendar. Not so, however, in cases of appeal from chancery to this court. They frequently involve questions both of law and fact. And consequently, before the court can determine the preliminary question whether an appeal is frivolous or not, each member must make himself master of the whole case—the pleadings and proofs, as well as the legal and equitable principles applicable to them. It is most obvious, therefore, that the time thus spent will be about the same as would.be required to hear the argument in the ordinary course, with a view to a final decision.
Besides, the practical benefit to be derived by the introduction *523 of this practice can be of little importance to respondents; certainly not enough to compensate for the inconvenience and embarrassment it would occasion in the business of the court. All the causes upon the appeal calendar are usually heard at one of our stated sessions; and the delay, therefore, so far as the hearing is concerned, scarcely ever extends beyond a few days, or at farthest, a few weeks, depending on the date of the issue.
These and other considerations that might be adverted to, have hitherto prevented this court from adopting the practice now pressed upon us. It must be admitted that no trace of it can be found in the reports, and I am confident that, dining the course of my experience, covering a period of some twelve years, none can be found in the records of the court.
The motion is without precedent, and I am satisfied the objections to it upon general considerations are sufficiently weighty to dissuade us from making a precedent in this case.
All the members of the court present being of the same 'opinion,
Motion denied.